UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Elijah Marshall, #186970, | ) | C/A No. 6:11-2591-GRA-KFM |
| | ) | |
| Petitioner, | ) | |
| | ) | **REPORT AND RECOMMENDATION** |
| v. | ) | |
| | ) | |
| Warden Cartledge, | ) | |
| | ) | |
| Respondent. | ) | |
| _____ | ) | |

## Background

This *pro se* Petitioner brings a habeas corpus action pursuant to 28 U.S.C. § 2254 seeking to vacate his conviction entered on February 13, 1997, in the Richland County Court of General Sessions. He alleges that he was convicted by a jury of burglary in the first degree and petit larceny, and he received a sentence of life without parole pursuant to S.C. Code Ann. § 17-25-45. Petitioner alleges that he filed a direct appeal, and the South Carolina Court of Appeals affirmed his conviction on March 10, 1999. He alleges that he filed a post conviction relief ("PCR") action in the Court of Common Pleas, which denied his request on December 13, 2001. Petitioner seems to allege that he filed an appeal in his PCR action to the South Carolina Supreme Court, but he does not provide the date of the decision. Petitioner alleges that he has presented his grounds for relief to the highest state court having jurisdiction. Petitioner further alleges that he has not previously filed a petition in federal court regarding the conviction that he challenges in this petition.

In the Petition, Petitioner seems to raise as his grounds for relief that (1) he is actually innocent of the crime; (2) S.C. Code Ann. § 17-25-45 does not apply to him; and

(3) he had ineffective assistance of counsel. Further, Petitioner alleges that he has newly discovered evidence related to a fingerprint found at the crime scene. He also alleges that his § 2254 Petition is "delayed" because he cannot read or write and his IQ is 67. Petitioner is being assisted by a jail house lawyer, Jerome Long. Petitioner requests that this Court "excuse the long time delay" in filing his § 2254 Petition, and he asks this Court to vacate his conviction based on newly discovered evidence.

### Discussion

Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2)(c) DSC, the undersigned is authorized to review such petitions for relief and submit findings and recommendations to the District Court. Petitioner filed this action *in forma pauperis* pursuant to 28 U.S.C. § 1915. This statute authorizes the Court to dismiss a case if satisfied that the action fails to state a claim on which relief may be granted, is frivolous or malicious, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

As a *pro se* litigant, Petitioner's pleadings are accorded liberal construction and held to a less stringent standard than formal pleadings drafted by attorneys. *See Erickson v. Pardus*, 551 U.S. 89, 93-94 (2007) (per curiam). However, even under this less stringent standard, the Petition in this case is subject to summary dismissal. The requirement of liberal construction does not mean that the Court can ignore a clear failure in the pleading to allege facts which set forth a claim cognizable in a federal district court. *See Weller v. Dep't of Social Servs.*, 901 F.2d 387 (4th Cir. 1990).

Although Petitioner indicates otherwise in the Petition, this Court takes judicial

notice that he has previously filed in this Court a habeas corpus action pursuant to 28 U.S.C. § 2254 regarding the same conviction. *See* Report and Recommendation, *Marshall v. Rushton*, C/A No. 6:05-345-GRA-WMC (D.S.C. Nov. 9, 2005), ECF No. 10 ("*Marshall I*"). It is appropriate for this Court to take judicial notice of Petitioner's prior cases. *See Colonial Penn Ins. Co. v. Coil*, 887 F.2d 1236, 1239 (4th Cir. 1989) ("We note that 'the most frequent use of judicial notice is in noticing the content of court records.'"). In *Marshall I*, the Honorable G. Ross Anderson, Jr., granted the Respondent's motion for summary judgment on December 9, 2005. *See* Order, *Marshall v. Rushton*, C/A No. 6:05-345-GRA-WMC (D.S.C. Dec. 9, 2005), ECF No. 11. Petitioner filed a notice of appeal, and the Court of Appeals for the Fourth Circuit dismissed the appeal on June 22, 2006. *See Id.* at ECF No. 17.

        This action should be dismissed because it is successive to Petitioner's first § 2254 action, which was decided on the merits, and it appears that Petitioner has not received permission from the Court of Appeals for the Fourth Circuit to file this action in this Court. Even if Petitioner has obtained newly discovered evidence, he still must move in the Court of Appeals for an order to authorize the district court to consider a successive § 2254 petition. 28 U.S.C. § 2244(b); *Kelly v. South Carolina Dep't of Corr.*, 382 F. App'x 284 (4th Cir. June 9, 2010) (describing the standard related to newly discovered evidence). On April 24, 1996, the Anti-Terrorism and Effective Death Penalty Act of 1996 (the "AEDPA") amended 28 U.S.C. § 2254 and other habeas statutes.

> The AEDPA effected a number of substantial changes regarding the availability of federal postconviction relief to individuals convicted of crimes in federal and state courts. Of particular importance here are the provisions of the AEDPA

> codifying and extending judicially constructed limits on the consideration of second and successive applications for collateral relief. *See Felker v. Turpin*, 518 U.S. 651 ... (1996). Under the AEDPA, an individual may not file a second or successive § 2254 petition for a writ of habeas corpus or § 2255 motion to vacate sentence without first receiving permission to do so from the appropriate circuit court of appeals.

*In re Vial*, 115 F.3d 1192, 1194 (4th Cir. 1997) (footnote omitted). The "gatekeeping" mechanism created by the AEDPA amended § 2244(b) to provide:

> The prospective applicant must file in the court of appeals a motion for leave to file a second or successive habeas application in the district court. § 2244(b)(3)(A). A three-judge panel has 30 days to determine whether "the application makes a prima facie showing that the application satisfies the requirements of" § 2244(b). § 2244(b)(3)(C); *see* §§ 2244(b)(3)(B), (D).

*Felker v. Turpin*, 518 U.S. 651, 657 (1996).

Because it appears that Petitioner did not obtain authorization from the Fourth Circuit Court of Appeals to file the within petition, this Court does not have jurisdiction to consider it. *Cf. In re Williams*, 444 F.3d 233, 236 (4th Cir. 2006).

### Recommendation

It is recommended that the District Court dismiss the Petition in the above-captioned case *without prejudice*. The petitioner's attention is directed to the important notice on the next page.

s/ Kevin F. McDonald
United States Magistrate Judge

November 10, 2011
Greenville, South Carolina

4

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.  "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'"  *Diamond v. Colonial Life & Acc. Ins. Co.,* 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> 300 East Washington Street, Room 239
> Greenville, South Carolina 29601

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); *Thomas v. Arn,* 474 U.S. 140 (1985); *Wright v. Collins,* 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce,* 727 F.2d 91 (4th Cir. 1984).